UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 07-24-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL ROY REDMOND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Michael Roy Redmond's Motion to Suppress Statements and Motion to Dismiss the Indictment. [Record Nos. 52, 53] Consistent with local practice, these motions were referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).

Based on his review of the record and the applicable law, the Magistrate Judge recommended that the Defendant's Motion to Dismiss be granted and that the Indictment be dismissed, without prejudice. [Record No. 96] The Magistrate Judge determined that two instances of Speedy Trial Act ("STA") violations occurred prior to the filing of the Indictment in this case, but that the factors weighed in favor of dismissal without prejudice based on the seriousness of the charges and the circumstances surrounding the violations.

Both the United States[1] and the Defendant filed objections to the Magistrate Judge's Recommended Disposition. [Record Nos. 97, 89] Having reviewed the parties' objections and the applicable law de novo, this Court agrees with the Magistrate Judge's Recommended Disposition. Accordingly, the Indictment will be dismissed, without prejudice.

## I.     BACKGROUND

The Magistrate Judge thoroughly recited the factual background related to the pending motions in his Recommended Disposition, and neither party objected to any of his factual statements or conclusions. Therefore, the Court adopts and incorporates the Magistrate Judge's statements of facts [Record No. 96, p.4-11] by reference. In summary, the relevant facts as follows:

1.  The Defendant was initially arrested on March 2, 2006, and a Criminal Complaint was filed against him on March 3, 2006. The Complaint alleges that, on March 2, 2006, in Pulaski County, in the Eastern District of Kentucky, the Defendant conspired to distribute methamphetamine in violation of 21 U.S.C. § 846. Following a detention hearing on March 9, 2006, the Defendant was detained pending trial.

2.  Beginning in April 2006, the Defendant engaged in intermittent plea negotiations with the United States which ultimately ceased in early 2007. In connection with these negotiations, the Defendant filed a Waiver of Indictment [Record No. 11] and a Motion for Release from Custody. [Record No. 10] The Magistrate Judge granted the Defendant's motion on May 10, 2006, and he was released on bond on May 11, subject to home incarceration with electronic monitoring. [Record No. 11]

---

[1]     Charitably, the United States objection may be described as cursory. It contains only one substantive paragraph, no discussion of legal authority, and simply asserts that, because the violation of the STA was inadvertent and the result of miscommunications, the appropriate remedy should be dismissal of the complaint, as opposed to the indictment. [*See* Record No. 97.] Further, it has not filed a response to the Defendant's objections within the time prescribed by the Magistrate Judge.

3. In April, May, and June 2006, the Defendant met with federal agents and Assistant United States Attorney Martin Hatfield in a series of proffer sessions. The last of these meetings occurred on June 14, 2006; however, the United States failed to submit a proposed plea agreement until September 1, 2006. Thereafter, the Defendant failed to respond to the United States' proposed agreement until October, and the parties did not meet again until mid to late November.[2]

3. In late November 2006, the United States Probation Officer requested that the condition of home incarceration and electronic monitoring be terminated. The Magistrate Judge granted this request on November 29, 2006. However, when the Probation Officer arrived at the Defendant's home to remove the electronic monitoring equipment on December 5, 2006, the Defendant tested positive for cocaine in violation of a condition of release.

4. Following an appropriate motion from the United States, the Magistrate Judge held a hearing on the alleged bond violation on January 11, 2007. At that time, the parties agreed to continue the hearing to allow plea discussions. [Record No. 24] The hearing was re-scheduled for January 19, 2007, and the Magistrate Judge revoked the Defendant's bond at a status conference on January 29, 2007. [Record No. 29]

5. At the January 29 conference, the Magistrate Judge raised the issue of possible STA violations, and the Defendant expressly withdrew any prior waiver of his rights under the STA. [Record No. 29]

6. On February 28, 2007, the Defendant filed his first Motion to Dismiss the Complaint based on STA, stating that it had been thirty days from the time he withdrew his waiver under the STA.

---

[2] The Magistrate Judge noted that these delays may have been connected to the fact that the state indicted the Defendant on August 23, 2006, in Pulaski Circuit Court. According to the Magistrate Judge,

> Testimony reflects that Defendant's proffer statements indirectly led to the state charges, which addressed allegedly stolen property. Gibson [the Defendant's attorney], upset by the development, contacted Agent Gray and AUSA Hatfield. According to the testimony, neither Agent Gray nor AUSA Hatfield intended or expected the state charges. It appears that AUSA Hatfield ultimately resolved the matter with local officials, who dismissed the state indictment on October 3, 2006.

[Record No. 96, p.6] (citations omitted).

7. On March 1, 2007, the United States responded to the Defendant's motion and conceded that a violation had occurred from January 29, 2007, to February 28, 2007, but contended that any dismissal should be without prejudice.

8. On March 2, 2007, the Magistrate Judge issued the following order releasing the Defendant:

> Defendant has filed a Motion to Dismiss, with prejudice, based on violation of the Speedy Trial Act. The United States has filed a Response conceding dismissal, but contending that the nature of dismissal should be without prejudice. See DE #s32 and 34. Thus, the dismissal is imminent. The only issue remaining is whether the dismissal shall be with or without prejudice. Accordingly,
>
> IT IS ORDERED that the Defendant shall immediately be released from custody upon his own recognizance. This action remains on the docket for a substantive ruling on the pending Motion to Dismiss.

[Record No. 35]

9. Later that same date, the Grand Jury returned an Indictment charging the Defendant with conspiring to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. The Indictment alleges that the conspiracy took place in Pulaski County, in the Eastern District of Kentucky, and elsewhere, from on or about June, 2005, through September 29, 2005.

10. The Defendant was re-arrested on March 19, 2007, and arraigned on March 20, 2007. On March 21, the Magistrate Judge entered an order stating that, "For purposes of clarifying the docket, IT IS ORDERED that the motion to dismiss the complaint is DENIED, as moot, by return of the Indictment, without prejudice of the Defendant to re-file the motion as to the Indictment itself." [Record No. 41]

11. On April 13, 2007, the Defendant filed the currently pending Motion to Dismiss the Indictment, as well as two Motions to Suppress. [Record Nos. 52, 53, 54] The Magistrate Judge held a hearing on the pending motions on May 29 and 31, 2007, and issued his Recommended Disposition on June 25, 2007.

In his Recommended Disposition, the Magistrate Judge determined that two separate periods of violations of the STA had occurred: (1) between June and September 2006 and (2) between January and March 2007. However, the Magistrate Judge further determined that these violations did not warrant dismissal with prejudice under the facts presented. Therefore, the Magistrate Judge recommended that this Court dismiss the Indictment, without prejudice.

As noted previously, both the United States and the Defendant filed objections to the Magistrate Judge's Recommended Disposition. The Defendant contends that the Indictment should be dismissed with prejudice due to an alleged pattern of STA violations by the United States. [Record No. 98] However, the United States asserts that any dismissal should be without prejudice and that only the Complaint should be dismissed because any STA violations occurred prior to filing of the Indictment. [Record No. 97]

## II.   DISCUSSION

The Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, provides, in relevant part, that an indictment or information must be filed within thirty non-excludable days after a defendant is arrested or served with summons. *See* 18 U.S.C. § 3161(b). If an indictment or information is not filed within the prescribed time limit, the Act requires that, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

"The Speedy Trial Act does not specify whether dismissal should be with or without prejudice, nor does it contain a default presumption one way or the other." *United States v.*

*Robinson*, 389 F.3d 582, 586 (6th Cir. 2004). However, the Act does provide three factors that courts should consider in making this determination. In particular, § 3162(a)(1) states that,

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1). The third factor also involves consideration of any prejudice to the Defendant. *See Robinson*, 389 F.3d at 589.

The decision to dismiss the indictment with or without prejudice is within the discretion of the district court. *See United States v. Taylor*, 487 U.S. 326, 336 (1988). In *United States v. Taylor*, 487 U.S. 326 (1988), the Supreme Court noted that, "where, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review." *Taylor*, 487 U.S. at 336.

In the present case, it is undisputed that the Defendant has been charged with a very serious offense under federal law. The Indictment alleges that the Defendant knowingly and intentionally conspired to distribute 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846.[3] [Record No. 36] As the Magistrate Judge noted, this charge constitutes a Class

---

[3] The Magistrate Judge noted that the charge in the Indictment differs slightly from that in the Complaint and that, under *United States v. Gaskin*, 364 F.3d 438 (2d Cir. 2004), the government could have argued that the STA violations do not apply to the Indictment because the charge in the Indictment requires an additional element of proof. That is, the Indictment alleges a specific, aggravated drug quantity. In *Gaskin*, the Second Circuit held that "dismissal is not warranted under § 3162(a)(1) if the indictment charge requires proof of elements distinct from or in addition to those necessary to prove the crimes pleaded in the complaint." *Gaskin*, 364 F.3d at 453.

A felony, and, based on the Defendant's criminal record, a conviction would result in a mandatory life sentence. [Record No. 59]  The Defendant concedes that this a serious offense under federal law.  [*See* Record No. 93, p.11 (*citing United States v. Moss*, 217 F.3d 426, 430 (6th Cir. 2000) and noting that "[t]he Sixth Circuit has 'categorically labeled drug offenses as serious'")].  According to the Defendant, "the first factor therefore favors a dismissal without prejudice." [Record No. 93, p.11]

The Magistrate Judge concluded that there were at least two instances of STA violations that require dismissal in this case, but the facts and circumstances leading to dismissal and the impact of any reprosecution or prejudice to the Defendant did not support dismissal with prejudice.  Therefore, the Magistrate Judge recommended that the charges contained in the Indictment be dismissed without prejudice.

The Defendant contends that the Indictment should be dismissed with prejudice based on an alleged "pattern of neglect and evasion of the STA" here and in a separate case on the Court's docket. [Record No. 98, p.1]   According to the Defendant, the United States' neglect in prosecuting the Defendant in this case has resulted in the "deprivation of Mr. Redmond's Sixth Amendment right to counsel of his choice." [Record 98, p.5] The Defendant further directs

---

However, the United States has asserted on at least two occasions that the Indictment and the Complaint contain the same charge. [Record No. 91, p. 147; Record No. 92, p. 126-27] Further, the United States failed to raise the issue in its objections even after the Magistrate Judge *explicitly pointed out* the potential argument in his Recommended Disposition.  This Court agrees with the Magistrate Judge's conclusion that, "[a]lthough a *Gaskin*-type analysis strongly suggests a legitimate distinction between the complaint and the indictment charge, which would eliminate any STA issue as to the indictment, the Court does not pursue the analysis on its own given the Government's explicit positions as to charge identity." [Record No. 96, p.11-12 n.8]

the Court's attention to *United States v. Loudermilk*, London Criminal No. 6: 06-mj-6019, in support of his contention that the United States has engaged in a pattern of neglect.

Initially, the Court notes that this is the first time the Defendant has raised the argument regarding the United States alleged neglect in *Loudermilk*. However, this assertion does not alter the analysis under the STA. Although the Court is concerned with claims of multiple violations of the STA by the United States, the facts in *Loudermilk* are irrelevant to the Defendant's case. The Defendant has not alleged that the United States acted in bad faith or that the delay in these cases is connected. Moreover, it is not clear from the record whether the delay in the *Loudermilk* case is excludable under the Speedy Trial Act.

Additionally, the Magistrate Judge expressly addressed the Defendant's argument concerning his right to counsel under *United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2563 (2006), and concluded that the Defendant had not demonstrated that dismissal with prejudice was warranted under the circumstances. According to the Magistrate Judge,

> [t]he Court agrees that Defendant has suffered hardships and prejudice as a result of the delay in this matter, but Defendant's argument unfairly saddles the United States with full responsibility. *See Taylor*, 108 S.Ct. at 2421. Here, Defendant agreed to cooperate, attempted to waive his rights under the Speedy Trial Act, and is primarily accountable for the period between September 5, 2006 and January 29, 2007 because he failed to reject or meaningfully respond to the tendered plea agreement. The period between September of 2006 and January of 2007 itself exceeds the time chargeable to the United States under the Speedy Trial Act and highlights Defendant's own significant role in causing the delay and its consequences.
>
> Further, Mr. Gibson's replacement in the case, as chosen counsel, resulted as much from Defendant's evidentiary motions as it did from the STA inquiry. Gibson withdrew because he perceived a need to testify on the pending motions, and the Court granted the withdrawal request. *See* DE# 56 & 64. The defense's motion to suppress the proffer statements hinged on Gibson's testimony as much

>  as the STA motion did. Defendant's pre-trial motion practice, even without the
>  STA issues, would have resulted in Gibson's withdrawal.

[Record No. 96, p.21] This Court agrees with the Magistrate Judge's analysis and conclusions. It is clear that the Defendant contributed to the delays and that the withdrawal of his prior attorney was due to several unrelated factors, including Attorney Gibson's recognition of his status as a material witness in the pending motion to suppress. [Record Nos. 56, 64] Accordingly, this factor does not weigh in favor of dismissal.

Moreover, the record indicates that the total amount of unexcludable delay in this case was approximately 85 days. [*See* Record No. 96, p.19] This amount of time is "not so substantial that dismissal with prejudice is mandated regardless of other circumstances." *United States v. Koory*, 20 F.3d 844, 848 (8th Cir. 1994) (holding that a fifty-nine day delay did not require dismissal with prejudice); *see also United States v. Saltzman*, 984 F.2d 1087 (10th Cir. 1993) (holding that a six month delay was not enough, by itself, to warrant dismissal with prejudice); *United States v. Arango*, 879 F.2d 1501 (7th Cir. 1989) (three month delay does not require dismissal with prejudice). As the Magistrate Judge noted, "the crime alleged in the indictment is a serious offense, and there is a strong public interest in having the charge pursued." [Record No. 96, p. 20 (*citing United States v. Becerra*, 435 F.3d 931, 937 (8th Cir. 2006); *United States v. Mendoza*, 1994 WL 526711, at *4 (6th Cir. Sept. 27, 1994)].

Further, the Defendant has not alleged that the United States engaged in prosecutorial misconduct or acted in bad faith. Instead, it appears that the delay is attributable to a combination of administrative oversight and complications with the plea negotiations due to the

pending state charges. Those charges were ultimately dropped due to the intervention of the United States.

The Sixth Circuit has noted repeatedly that, "[w]here there is no affirmative misconduct by either party, the court's conclusion that this second factor authorizes dismissal with or without prejudice is a matter within its discretion." *United States v. Ewing*, 1994 U.S. App. LEXIS 30162 * 7 (6th Cir. 1994) (*citing United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994)). Accordingly, because the offense is serious and a conviction could result in a life sentence, and because the prejudice to the Defendant, the impact of reprosecution, and the facts and circumstances of the case require do not weigh in favor of dismissal with prejudice, the Court agrees with the Magistrate Judge's conclusion that the charges should be dismissed without prejudice.

The sole remaining issue is whether both the Complaint and the Indictment should be dismissed. The United States contends that only the Complaint should be dismissed because any STA violations occurred prior to the filing of the Indictment and because the Defendant already obtained his remedy when he was released. However, the United States has failed to present any authority or substantive arguments in support of its position. [*See* Record No. 97]

The relevant inquiry in determining whether the Indictment must be dismissed in addition to the Complaint is whether the *charge* was pending at the time the Indictment was filed.[4] *See United States v. May*, 771 F.2d 980 (6th Cir. 1985). If the Complaint had been dismissed previously, the time periods under the STA would run anew upon the filing of the Indictment.

---

[4] The Court reiterates its notation in Footnote 3, *supra*, that the United States has repeatedly asserted that the charge in the Complaint is the *same charge* contained in the Indictment.

-10-

*Id.* at 982. Here, although the Magistrate Judge released the Defendant and noted that dismissal was "imminent," the Complaint was not actually dismissed at the time the Indictment was filed. [Record No. 35] After the Indictment was returned, the Magistrate Judge denied the Defendant's motion to dismiss the Complaint, as moot, and directed the Defendant to re-file the motion with respect to the Indictment. It is clear that the charges were still pending against the Defendant at the time the Indictment was filed, despite his release from custody pending a substantive ruling on the motion to dismiss the Complaint. Therefore, the Indictment must be dismissed, without prejudice, along with the Complaint.[5]

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** as follows:

1.  The Defendant's Motion to Dismiss [Record No. 52] is **GRANTED**, to the extent that it seeks dismissal of the Complaint and Indictment, without prejudice. The motion is **DENIED**, to the extend that it seeks dismissal of the Indictment with prejudice.

2.  United States Magistrate Judge Robert E. Wier's Recommended Disposition [Record No. 96] is **ADOPTED** and **INCORPORATED** herein by reference.

3.  The Defendant's objections [Record No. 98] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

---

[5] The irony of the fact that the remedy for the STA violations will result in further delays in the final disposition of this matter – *a result that is completely contrary to the purpose of the STA* – is not lost on the Court. However, in light of the unique circumstances of this case, which include the fact that the criminal Complaint was never dismissed and the United States position concerning the similarity of the charges in the Complaint and Indictment, this appears to be the appropriate legal remedy.

    4.       The United States' objections [Record No. 97] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

    5.       The Complaint [Record No. 1] and the Indictment [Record No. 36] in this matter are **DISMISSED**, without prejudice.

    6.       The Complaint and Indictment having been dismissed, the Defendant shall be **RELEASED** from custody forthwith.

This 5th day of July, 2007.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge